# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOEL ALEXANDER MEMBRENO-LIRA,

        Petitioner,

      v.

MARKWAYNE MULLIN, *et al.,*

        Respondents.

Case No. 5:26-cv-03957-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    RULING

On July 15, 2026, Petitioner Joel Alexander Membreno-Lira ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his continued detention.  (Dkt. 1 at 14–26.)  Given Respondents' lack of opposition, the Court GRANTS the Petition on this basis and ORDERS Respondents to release Petitioner Joel Alexander Membreno-Lira (A# 246-420-729) from custody.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner is a citizen of Nicaragua who is detained at Adelanto ICE Processing Center.  (Dkt. 1 at 10.)  Petitioner originally entered the United States

on or about December 15, 2022.  (*Id.* at 10.)  Immigration and Customs Enforcement ("ICE") released Petitioner on an order of supervision after a brief detention at the border.  (*Id.*)  After Petitioner appeared before a local ICE officer, he was placed under Intensive Supervision Appearance Program ("ISAP").  (*Id.*)  Petitioner asserts he has appeared for all check-in appointments without violation, complied with all immigration court requirements, has no criminal history, remained employed, and integrated into the community.  (*Id.* at 10, 20.)

On July 6, 2026, Petitioner was detained after appearing for a standard ICE check-in and was transferred to the Adelanto ICE Processing Center.  (*Id.*)  ICE issued a Notice to Appear charging Petitioner as being present in the United States without admission or parole and inadmissible pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.* at 11.)

The Petition, filed on July 15, 2026, raises multiple claims alleging that Petitioner's detention violates Fifth Amendment due process protections, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").  (*Id.* at 14–26.)  On July 15, 2026, Petitioner consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment.  (Dkt. 3.)  On July 16, 2026, the matter was assigned to Magistrate Judge Angela C. C. Viramontes.  (Dkt. 4.)  The same day, the Court issued a Notice of General Order 26-05 and Briefing Schedule.  (Dkt. 5.)  On July 21, 2026, the action was fully consented to according to General Order 26-05 for the matter to proceed before a magistrate judge.  (Dkt. 6.)

Respondents filed their answer on July 23, 2026.  (Dkt. 8.)  Respondents stated that they "are not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions . . . [and] no more filings or proceedings will be necessary in this matter."  (*Id.* at 2.)  Petitioner did not file his

reply by the July 26, 2026 deadline.

### III.   DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Petitioner's requested relief, *inter alia*, is an order granting the Petition and that Petitioner be released.  (Dkt. 1 at 22.)  As noted in their Return, "Respondents are not presenting an opposition argument at this time."  (Dkt. 10 at 1.)  Given Respondents' non-opposition, Petitioner's prior release status, the lack of any

apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his detention, the Court finds that it is appropriate to grant the Petition on this basis and order that Petitioner be released.  *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).  As this is Petitioner's most significant basis for relief, release from custody, the Court declines to address Petitioner's other claims.

### IV.   CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS Respondents:

(1)    to release Petitioner Joel Alexander Membreno-Lira (A# 246-420-729) forthwith subject to the same conditions of his ISAP prior to his re-detention;

(2)    to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention; and

(3)    that any future enforcement actions after Petitioner's release must comply with Due Process requirements, including that Respondents shall not re-detain Petitioner without providing him notice and pre-detention hearing before a neutral decision maker; and

(4)    to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: July 31, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4